IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LETTERRON DJON BRANNON,       )
#197855,                      )
                              )
      Plaintiff,            )
                              )
v.                            )          CASE NO. 2:22-CV-83-WHA-KFP
                              )
MARK VITALE, et al.,          )
                              )
      Defendants.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Letterron Djon Brannon filed this pro se 42 U.S.C. § 1983 action in February 2022. Doc. 1. Thereafter, Defendants filed an Answer and Special Report, with supporting evidentiary materials, denying Plaintiff's claims. Doc. 18. Accordingly, the Court issued an Order directing Plaintiff to respond to Defendants' filings by February 9, 2023. Doc. 22. On Plaintiff's motion, the Court subsequently extended the deadline to March 24, 2023. Doc. 24. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. Doc. 22 at 1. However, more than two weeks have passed since the extended deadline, and Plaintiff has failed to file a response as directed.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order,

especially where the litigant has been forewarned, generally is not an abuse of discretion")
(citations omitted). The authority of courts to impose sanctions for failure to prosecute or
obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of
Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority
"is necessary in order to prevent undue delays in the disposition of pending cases and to
avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts
"to manage their own affairs so as to achieve the orderly and expeditious disposition of
cases." *Id*. at 630–31. In this instance, where Plaintiff failed to comply despite the Court's
clear admonition and six-week extension, the undersigned finds that sanctions lesser than
dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d
101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED
without prejudice.

It is further ORDERED that, by **April 26, 2023**, the parties may file objections to
this Recommendation. The parties must specifically identify the factual findings and legal
conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or
general objections will not be considered. The parties are advised that this
Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and
recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo
determination by the District Court of legal and factual issues covered in the
Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R.

3-1.

DONE this 12th day of April, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE